IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL D. BATES, et al.,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.
                                /

No. MISC. 08-0060 LKK EFB PS

<u>FINDINGS AND RECOMMENDATIONS</u>

This case involves a petition to quash three administrative summonses issued by the Internal Revenue Service. The petitioners are proceeding pro se and the matter was referred to the undersigned pursuant to Local Rule 72-302(c)(10) and (c)(21). *See* 28 U.S.C. § 636(b)(1). The United States has moved to dismiss for lack of subject matter jurisdiction. After briefing, the motion was taken under submission pursuant to Local Rule 78-230(h). Having reviewed the submitted papers, the court recommends that respondent's motion to dismiss be granted.

**I. BACKGROUND**

On May 12, 2008, petitioners filed a petition to quash three administrative summonses issued by the Internal Revenue Service to Farmers & Merchants Bank of Central California ("Farmers"), Safe American Credit Union ("Safe America"), and Stockmans Bank ("Stockmans"). The summonses were issued pursuant to an examination regarding the federal

1

income tax liability of Samuel D. Bates and Joyce M. Bates for 2005.

This is not the first time the Bates have appeared in this court seeking to quash administrative summonses aimed at investigating their federal income tax liability. *See Bates v. United States*, 2:07-mc-0060 FCD KJM PS (action dismissed); *Bates v. Osborn*, 2:06-cv-1035 WBS EFB PS (action dismissed).[1]  Much of the argument they assert here was previously rejected.  Indeed, petitioners rehash here many of the same frivolous arguments asserted in those cases regarding the purported inapplicability of the tax code to them.  Respondent has moved to dismiss the petition to quash for lack of jurisdiction and failure to state a claim.

## II. DISCUSSION

### A. Safe America Summons

The court lacks jurisdiction to hear petitioners' claims concerning the summons directed at Safe America.  That summons is directed to Safe America's home office in Hayward, California, which is in the Northern District of California.

Jurisdiction over a petition to quash a summons lies in the "United States district court for the district within which the person to be summoned resides or is found." *Fortney v. United States*, 59 F.3d 117, 119-20 (9th Cir. 1995) (citing 26 U.S.C. § 7609(h)(1)).  Respondent avers that Safe America is located in the Northern District of California, and does not maintain a branch in the Eastern District of California. *See* Declaration of Revenue Agent David Osborn ("Osborn Decl."), ¶ 9.  Petitioners have presented no evidence contesting this assertion.  Because Safe America is located in the Northern District of California, the court recommends that respondent's motion to dismiss the petition as to the Safe America summons be granted for lack of jurisdiction.

////

////

---

[1] A court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

However, as discussed below, the motion is also properly granted based on the alternative argument that petitioners' fail to articulate any legitimate grounds for quashing the summons.

### B. Remaining Summonses

In the context of a petition to quash an administrative summons, the government bears the initial burden of establishing a *prima facie* case of the summons' good faith. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The IRS establishes good faith by showing that the summons: "(1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." *Fortney,* 59 F.3d at 119-120 (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).

 "The government's burden is 'a slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Id.* "Once a *prima facie* case is made a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.'" *Id*. (quoting *Dynavac*, 6 F.3d at 1414).

Here, respondent has established its burden through the declaration of Revenue Agent Osborn.  Agent Osborn has averred that the summonses were issued for the legitimate purpose of investigating the Bates' federal income tax liabilities for 2005.  The account information sought by the IRS is relevant to that purpose.  *See* Osborn Decl., ¶¶ 2-3, 6.  He avers that the summonses complied with all the administrative requirements established by the Code.  *Id*., ¶¶ 2-8.  Finally, although the banks have since complied with the summonses, Revenue Agent Osborn avers that the information was not previously in the IRS' possession, and that it has been kept under seal pending resolution of the petition to quash.  *Id*., ¶ 5.

////

Petitioners have failed to meet their "heavy burden" of showing an abuse of process or lack of institutional good faith as to any of the summonses. Rather, they submit frivolous arguments regarding their purported constitutional and statutory rights to be free from federal income taxation. They object to the summonses on "moral, religious, political, constitutional, [and] conscientious" grounds. *See* Memorundum of Law in Support of Petition to Quash, 2:14-17. They also assert that they are not "persons" subject to taxes. These arguments are without merit. *See, e.g., United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986) (in appeal of conviction for willful failure to file income tax returns, court rejects as frivolous argument that an individual is not a "person" required to pay taxes under 26 U.S.C. § 7203). Petitioners have failed to articulate any legitimate grounds to quash any of the summonses identified in their petition.

**IV. CONCLUSION**

In accordance with the foregoing, IT IS RECOMMENDED that:

1. The petition to quash be denied;

2. Respondent's motion to dismiss the petion be granted; and,

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 18, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE